Dismissed and Memorandum Opinion filed December 15, 2005









Dismissed and Memorandum Opinion filed December 15,
2005.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-05-01160-CV

____________

 

JAMES H. CATHEY and PAT CATHEY, Appellants

 

V.

 

MANUFACTURERS CAPITAL, INC., Appellee

 



 

On Appeal from the
334th District Court

Harris County, Texas

Trial Court Cause No.
04-06381

 



 

M E M O R A N D U M   O P I N I O N

This is an attempted appeal from a judgment, signed July 25,
2005.  Appellants filed a AMotion to Appeal Summary Judgment,@ on August 22, 2005, which the trial
court construed to be a motion for new trial. 
Thus, the motion for new trial was timely filed.  Appellant=s notice of appeal was filed on
November 9, 2005.  On the same date,
appellants filed a motion for extension of time to file the notice of appeal.








When appellant has filed a timely motion for new trial,
motion to modify the judgment, motion to reinstate, or request for findings of
fact and conclusion of law, the notice of appeal must be filed within ninety
days after the date the judgment is signed. See Tex. R. App. P. 26.1(a).

Appellant=s notice of appeal was not filed timely. A motion for
extension of time is necessarily implied when an appellant, acting in good
faith, files a notice of appeal beyond the time allowed by rule 26.1, but
within the fifteen-day grace period provided by Rule 26.3 for filing a motion
for extension of time.  See Verburgt
v. Dorner, 959 S.W.2d 615, 617-18 9 (1997) (construing the predecessor to
Rule 26).  However, the appellant must
offer a reasonable explanation for failing to file the notice of appeal in a
timely manner.  See Tex. R. App. P. 26.3, 10.5(b)(1)(C); Verburgt,
959 S.W.2d at 617-18.  Appellants= notice of appeal was not filed
within the fifteen-day period provided by Rule 26.3

On December 1, 2005, notification was transmitted to all
parties of the Court=s intent to dismiss the appeal for want of jurisdiction.  See Tex.
R. App. P. 42.3(a).  Appellants
filed a response; however, the response fails to demonstrate that this Court
has jurisdiction to entertain the appeal.

Accordingly, the appeal is ordered dismissed for lack of
jurisdiction

 

PER CURIAM

 

Judgment rendered and Memorandum
Opinion filed December 15, 2005.

Panel consists of Justices Hudson,
Frost, and Seymore.